# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **ROY TRAVIS TRIPLETT,**          ) | |
| ) | |
| Plaintiff,       ) | |
| ) | **CIVIL ACTION** |
| v.                                            ) | |
| ) | **No. 04-2223-CM** |
| ) | |
| **LINDA J. TRIPLETT,**              ) | |
| ) | |
| Defendant.     ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Roy Travis Triplett proceeds pro se and *in forma pauperis*. He filed his complaint on May 20, 2004. On April 7, 2005, Magistrate Judge O'Hara issued an order to show cause why this case should not be dismissed for lack of prosecution. Plaintiff responded and, at the same time, moved for default judgment (Doc. 16).

The court denied plaintiff's Motion for Default Judgment on May 9, 2005. Since that time, plaintiff has filed five additional motions with the court.

In plaintiff's complaint, he states his claim as:

The plaintiff seeks relief for personal injury pursuant to a non-jury magistrate hearing to judgment on all FRCP (Rule 60(a)) final judgments, to which have secured previous civil and criminal trial court rulings on matters related to Title 42 U.S.C. § 1983, 362 personal injury medical malpractice, 440 civil rights violations, 1974 Social Security Act, 430 Banks and Banking, 820 Copyrights, 830 Patent, and 940 Trademark. The plaintiff states that true identity of person, rewards, and accolades has been illegally concealed, under minor-incompetent status of law, and the misuse of identity has occurred as a legal defect.

Plaintiff seeks $1.2 billion "in recovery of funds awarded plaintiff as gifts, prizes, patent, copyright, and trademark." He states that "[t]he rewards include registered bank accounts usurpted from presentation minor-status at the time of award." According to plaintiff, "[t]he record of these rewards, gifts, prizes, patent, copyright, and trademark are registered under Harvard Press 186, Smithsonian Institute 09906, and Yale Press 0336, 1979. The rewards are also documented in the Guinness Book of World Records Vol. 606, 1977 and Social Security files of plaintiff." The remainder of plaintiff's complaint and his subsequent pleadings contain similar incoherent statements.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may dismiss sua sponte an *in forma pauperis* action as frivolous or as failing to state a claim upon which relief may be granted. *Whitney v. New Mexico*, 113 F.3d 1170, 1172-73 (10th Cir. 1997). Such dismissal is warranted "if the plaintiff cannot make a rational argument on the law and facts," *id*. at 1172 (citations and quotations omitted), or if it is "patently obvious" that the plaintiff cannot prevail on the facts alleged and that amendment would be futile, *id.* at 1173 (citations and quotations omitted).

The court may find that a claim is frivolous when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). But the court may not dismiss a complaint merely because the allegations are unlikely or improbable. *Id.* Generally, a complaint is legally frivolous if it rests on an "indisputably meritless legal theory" such as an "infringement of a legal interest which clearly does not exist." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The court is mindful of the fact that plaintiff is proceeding pro se. Because of plaintiff's status, the court affords him some leniency in construing his complaint. *Asselin v. Shawnee Mission Med. Ctr., Inc.*,

-2-

-3-

894 F. Supp. 1479, 1484 (D. Kan. 1995) (citation omitted).  The court may not, however, assume the role of advocate for plaintiff simply because he is proceeding pro se.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues."  *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citations omitted).  Nor should the court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney*, 113 F.3d at 1173-74 (citation omitted).

The court cannot divine a viable claim from plaintiff's complaint.  *See Sanner v. United States*, 979 F. Supp. 1327, 1328 (D. Kan. 1997).  Plaintiff's complaint and his subsequent pleadings consist of little more than unintelligible ramblings.  *See Stanfield v. Whistler*, 2002 WL 975894, at *1 (D. Kan. Feb. 25, 2002) (citation omitted); *Moll v. Sweaver*, 1997 WL 823573, at *1 (D. Kan. Nov. 18, 1997).  As far as the court can discern, plaintiff's complaint does not rest on any cognizable legal interest.  The court believes that any attempt to remedy the complaint would be futile.

**IT IS THEREFORE ORDERED** that plaintiff's complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated this  8th  day of August 2005, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**